### SPRAGUE v. VOIGTMAN et al.

(Supreme Court, Appellate Term. April 24, 1905.)

JUDGMENTS—RES JUDICATA—RECORD.

     Whether a judgment in an action for rent constitutes a bar to a subsequent action on the ground that the rent sued for in the subsequent action had accrued when the first action was brought cannot be determined on appeal in the second action, where the return does not contain the judgment roll in the first action, or a copy thereof.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Joshua M. Sprague against Frank Voigtman and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Wilbur F. Earp, for appellants.

Whitmel H. Smith, for respondent.

PER CURIAM. The disputed fact as to whether defendants were hold-overs under a lease was resolved by the jury in favor

of the plaintiff, upon evidence that fully justified such finding. The action was brought to recover the rent for November and December. No motion to dismiss the complaint was made at the close of the entire case, except as to the November rent. Defendants claimed that a judgment entered against them in a previous action under the same alleged holding over for the recovery of the rent for September and October was a bar to the recovery for the November rent in this action, for the reason that the previous action was brought on November 3d, after the rent for that month had accrued. The motion to dismiss having been limited to the claim for November rent, it must be held that no question of law was presented upon the issue of a holding over, and that as to that there was but a question of fact presented for the jury.

We cannot consider the point raised with respect to the November rent, inasmuch as the return does not contain the judgment roll in the previous action, or a copy of it, and we are not in a position to know when that action was commenced.

Judgment affirmed, with costs.